

JUDGE SULLIVAN

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **ROBERT G. LOPEZ, an individual,** | ) | |
| **Plaintiff,** | ) | **16 CV 3194** |
| | ) | |
| **v.** | ) | **Civil Action No.** |
| | ) | |
| **NORDSTROM, INC.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |

FILED
U.S. DISTRICT COURT
2016 APR 29   PM 10:33
S.D. OF N.Y.

## COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND RELATED CLAIMS

Plaintiff, Robert G. Lopez, alleges his complaint against Defendant, Nordstrom, Inc., as follows:

## NATURE OF THE ACTION

1.     This action arises from Defendant's infringement of Plaintiff's "ownership" and exclusive "use" rights in the mark LES NYC® and LOWER EAST SIDE™, in conjunction with clothing and related goods.  Despite Plaintiff being the registered owner of the trademark LES NYC® and LOWER EAST SIDE™ and offering various clothing items under such brand names, the Defendant has infringed Plaintiff's rights in the aforementioned marks by selling, and offering for sale clothing items under Plaintiff's trademark.  Plaintiff has already experienced "actual confusion" in connection with this matter and is likely to continue to experience confusion as to the affiliation or connection between the Defendant and Plaintiff resulting in the unjust enrichment of Defendant by using Plaintiff's registered trademarks.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 15 U.S.C. §1051 *et seq.*, 15 U.S.C. Sections 1114-1116; under Section 43(a) of the Trademark Act, 15 U.S.C. §1125(a) and Section 43(c) of the Trademark Act, 15 U.S.C. §1125(c).

3.      This Court has personal jurisdiction over the defendant because defendant engages in continuous and significant business activities in, and directed to the State of New York within this judicial district and has several store locations in New York County and because defendant has committed tortuous acts aimed at and causing harm within the State of New York and this judicial district.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because it is where Plaintiff resides and the defendant transacts business and/or maintains an office or business location in this district, and because a substantial portion of the events giving rise to the asserted claims have occurred, and continue to occur, within this district. Furthermore, the damage to Plaintiff and its intellectual property described herein continues to occur in this judicial district.

## THE PARTIES

5.      Plaintiff, Robert G. Lopez is an individual residing at 230 Clinton Street, Apt. #11C, New York, NY 10002.

6.      Upon information and belief, Defendant Nordstrom, Inc. is a Washington corporation with a principal place of business at 1617 Sixth Ave – Suite 600, Seattle, Washington 98101.

## FACTS

7.      Since at least as early as 1999, Plaintiff Robert G. Lopez has been selling headwear, t-shirts, sweaters, hooded sweatshirts and other clothing items under the LES NYC® and LOWER EAST SIDE™ brand names.

8.      Since at least as early as 1999, Plaintiff has been independently operating a clothing business under the trade name L.E.S. CLOTHING CO.™, which has sold headwear, t-shirts, sweaters, hooded sweatshirts and other related clothing items under the marks LOWER EAST SIDE™, and LES NYC®.  Since at least as early as 2010, Plaintiff has also been selling clothing items under the mark LOYALTY EQUALS STRENGTH™.

9.      In addition to selling and offering for sale clothing items under the LOWER EAST SIDE™, LES NYC® and LOYALTY EQUALS STRENGTH™ brand names, Plaintiff has also continuously sold and offered for sale various clothing items including hooded sweatshirts which bear the LOWER EAST SIDE™ mark in various font and design styles which are prominently displayed on the front and/or back of the headwear, t-shirts and/or sweaters.

10.     Plaintiff sells, and promotes the sale of his clothing via his website www.lesclothing.com, through order forms, and his t-shirts and sweaters are also available for sale in several retail locations in New York and other States.

11.     Plaintiff advertises his LES CLOTHING CO™ LOWER EAST SIDE™ and LES NYC® brands and clothing items through flyers, posters, stickers and through grass root street marketing methods such as painted "street murals."  Plaintiff also regularly conducts photo shoots of customers who purchase his LOWER EAST SIDE™and LES NYC® clothing items to be included in magazine advertisements and marketing materials.

12.     Plaintiff is the registered owner of United States Trademark Registration No. 4,549,880 for the mark LES NYC®.  (**See Exhibit A**).

3

13.     Plaintiff is the registered owner of New York State Trademark Registration No. R31067 for the mark LOWER EAST SIDE™.  **(See Exhibit B).**

14.     Plaintiff is informed and believes and thereon alleges that Defendant is marketing, promoting, selling and offering for sale a t-shirt bearing the LOWER EAST SIDE™ mark depicted in the picture below and also promoting the t-shirt under the title and heading 'Lower East Side' T-Shirt with emphasis on the Lower East Side portion of the mark as if the aforementioned brand is the source of the t-shirt.  **(See Exhibit C).**



15.     Plaintiff was been contacted by several long-standing customer of his LES CLOTHING CO™ LOWER EAST SIDE™ and LES NYC® clothing products and was asked if

he released t-shirt design with the LOWER EAST SIDE™ brand that was sold at Defendants retail stores.

16.     Defendants use of Plaintiff's LOWER EAST SIDE™ brand in connection with clothing has already caused and will continue to cause confusion as to the source or affiliation of the source of the clothing related goods bearing the LOWER EAST SIDE™ mark.

17.     Defendants business status as a major retailer of apparel and accessories also has the capability of causing reverse confusion where consumers of clothing products will think that all LOWER EAST SIDE™ clothing related products are sponsored or produced by defendant.

## FIRST CAUSE OF ACTION
## TRADEMARK INFRINGEMENT (15 U.S.C. §§ 1114-1116)

18.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 17 of this Complaint.

19.     The use in commerce by Defendant of an identical and slightly identical version of Plaintiff's registered trademark is likely to cause confusion, mistake and deception among members of the public and in trade as to the source, origin, or sponsorship of defendants' goods and services.  Such use by defendant constitutes a clear and direct infringement of Plaintiff's rights in and to Plaintiff's registered trademark, and has resulted in injury and damage to Plaintiff that will continue if defendant is not ordered to cease all use of the LES NYC® mark.

## SECOND CAUSE OF ACTION
## UNFAIR COMPETITION & FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)

20.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 19 of this Complaint.

21.     Plaintiff has the exclusive right to market, brand and provide clothing related goods using the LES NYC® mark.

22.     Defendant by reason of the aforementioned acts, have falsely described, represented and designated the origin of its goods and services.  Defendants' activities already have confused the public into believing that Defendants and Plaintiff's clothing goods and accessories come from one and the same source, and defendants continued activities are likely to create further confusion and deceive the public concerning the source of the goods/services.

23.     Defendant have unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined by this Court.

24.     By reason of Defendant's willful acts conducted in conscious disregard for Plaintiff's rights, Plaintiff is entitled to treble damages under 15 U.S.C. § 1117(a).

### THIRD CAUSE OF ACTION
### COMMON LAW TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

25.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 24 of this Complaint.

26.     Defendant's conduct constitutes deception by which Defendant goods will be palmed off as those of Plaintiff.  Such conduct constitutes trademark infringement and unfair competition in violation of the laws of the State of New York.

27.     Defendant's unauthorized use of Plaintiff's LES NYC® mark is likely to continue to cause further confusion to the public as to the clothing goods and accessories of the respective parties.

28.     By reason of the foregoing, Defendant has infringed and continues to infringe on Plaintiff's common law rights in the LES NYC® mark and defendant has become unjustly enriched by such acts of infringement.

29.     Defendant's unlawful conduct has been and will continue to be willful or willfully blind to Plaintiff's rights, as Defendant has reason to know of Plaintiff's rights.

**FOURTH CAUSE OF ACTION**
**UNJUST ENRICHMENT**

30.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 29 of this Complaint.

31.     Defendant has unjustly retained profits from the sale of clothing goods and accessories bearing Plaintiff's LOWER EAST SIDE™ and/or LES NYC® marks.

32.     Defendant's actions constitute unjust enrichment.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1.     Entry of an order and judgment requiring that all defendant, its subsidiaries, officers, agents, servants, employees, owners, and representatives, and all other persons or entities in active concert or participation with them, be preliminarily and, thereafter, permanently enjoined and restrained from (a) using in any manner the trade name, trademark, domain name or other indicia or origin, including in whole or part the term LOWER EAST SIDE™, LES NYC®, or any colorable imitation thereof; (b) advertising, operating a website, using business stationary or offering any goods or services using the trade name, trademark, domain name, URL, or any other indicia of origin including in whole or part the term LES NYC®, or any colorable imitation thereof; (c) otherwise engaging in any acts of unfair competition and infringement which tend to injure Plaintiff's rights in the LES NYC® mark.

2.      That Defendant be required to account to Plaintiff for any and all profits derived by it, and to compensate Plaintiff for all the damages sustained by reason of the acts complained of herein, and that the damages herein be trebled pursuant to the Trademark Act.

3.      That Defendant be ordered to deliver up for destruction any and all infringing materials bearing the LOWER EAST SIDE™ and LES NYC® marks, and any colorable imitation thereof, in whole or part.

4.      That Plaintiff be awarded punitive damages.

5.      That Defendant be required to place advertisements or send notifications to past and present customers that it improperly has been using the LES NYC® mark.

6.      That Plaintiff be awarded the cost and disbursements of this action.

7.      That Plaintiff have such other and further relief as the Court deems just and proper.

### JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues.


Dated: April 28, 2016                        Respectfully submitted,
       New York, New York                    Robert G. Lopez – Pro Se


                                             Robert G. Lopez
                                             Pro Se Plaintiff
                                             230 Clinton Street – Apt. #11C
                                             New York, New York 10002
                                             (917) 868-1698

EXHIBIT A



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Thu Apr 28 03:21:39 EDT 2016*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout | Please logout when you are done to release system resources allocated for you.

Start | List At: [          ] OR Jump | to record: [          ] **Record 3 out of 5**

TSDR | Assign Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

# LES NYC

| | |
|---|---|
| **Word Mark** | LES NYC |
| **Goods and Services** | IC 025. US 022 039. G & S: Baseball caps and hats; Hooded sweatshirts; Short-sleeved or long-sleeved t-shirts; T-shirts. FIRST USE: 19991200. FIRST USE IN COMMERCE: 19991200 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 85335314 |
| **Filing Date** | June 1, 2011 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | April 1, 2014 |
| **Registration Number** | 4549880 |
| **Registration Date** | June 17, 2014 |
| **Owner** | (REGISTRANT) Lopez, Robert G. INDIVIDUAL UNITED STATES 230 Clinton Street - Apt. #11C New York NEW YORK 10002 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL-2(F) |
| **Live/Dead Indicator** | LIVE |

EXHIBIT B

# New York State Department of State
## Certificate of Trademark Registration

*I Daniel E. Shapiro, Special Deputy Secretary of State, do certify that the Trademark described below and depicted on the attached copy has been duly registered in this Department pursuant to Article 24 of the General Business Law. This registration will remain in force for TEN years from the Date of Registration.*

**Registration Number:**   *R31067*                    **Registration Date:**          *06/06/07*

**Applicant:**          **ROBERT G. LOPEZ**
                        *230 CLINTON STREET APT. #11C*
                        *NEW YORK*                  *NY   10002-*

**State of Incorporation or
Partnership Organization:**

**Class Numbers:**      *25*

**Date First Used in NYS:**   *12/1999*              **Date First Used Anywhere**    *12/1999*

**Trademark Description:**
*LOWER EAST SIDE*

*The mark is comprised of the words "Lower East Side" In stylized letters with an underline and overline.*



**Description of Goods:**     *Clothing, namely, T-shirts, Hooded Sweatshirts, Vest, Hats and Caps as adopted from the USPTO.*

*WITNESS my hand and the seal of the State of New York In the City of Albany on this:*

*Thursday, August 16, 2007*

*by:*

*Special Deputy Secretary of State*

*DOS-690 (Rev. 3/01)*

EXHIBIT C

Valentine's Day is February 14, 2016. Shop Gift Cards

Sign In | Your Account | Recommendations | Stores & Events | Wish List | 🛍 Shopping Bag [0] | Checkout

# NORDSTROM

The Danish design company with a cult following.   Pop-In@Nordstrom welcomes HAY Mini Market.

Search by keyword or item #

**BUY ONLINE & PICK UP IN STORE**
Learn more.

Designer Collections   Women   Men   Shoes   Handbags   Accessories   Beauty   Trend   Kids   Home   Gifts   Sale   Brands   POP-IN

## BESTSELLERS

        

**GIFT WITH PURCHASE**
Estée Lauder 'Advanced Night Repair' Synchronized Recovery Complex II
$16.00 - $92.00

**5 Colors**
adidas 'Superstar' Sneaker (Women)
$79.95

**2 Colors**
NEW MARKDOWN
Lush 'Perfect' Roll Tab Sleeve Tunic
Was: $42.00
Now: $25.20
40% OFF

**169 Colors**
M·A·C Lipstick
$17.00

**5 Colors**
UGG® 'Classic Tall' Boot (Women)
Was: $194.95
Now: $164.95
15% OFF

**5 Colors**
BP. 'Trolley' Ankle Bootie (Women)
$99.95

**4 Colors**
Thread & Supply Double Breasted Peacoat
Was: $58.00
Now: $28.90
50% OFF

**5 Colors**
Zella 'Live In' Slim Fit Leggings
$52.00

**3 Colors**
Sam Edelman 'Penny' Boot (Women)
Was: $169.95
Now: $149.90
10% OFF

**12 Colors**
Halogen® Crewneck Lightweight Cashmere Sweater (Regular & Petite)
Was: $89.00
Now: $49.90
40% OFF



- Alternate Product Image 1 Selected